(No. 11387.—Judgment affirmed.)

THE EAST SIDE LEVEE AND SANITARY DISTRICT, Appellant, *vs.* THE EAST ST. LOUIS, COLUMBIA AND WATERLOO RAILWAY COMPANY, Appellee.

*Opinion filed June 21, 1917.*

1. SANITARY DISTRICTS—*railroad company not required to construct more bridges than necessary for carrying waters.* A railroad company is not required to construct more bridges than are necessary and proper for carrying the waters of a drainage system through a natural outlet or the artificial outlet substituted for the natural one, and where this has been done it will not be required to extend its bridge over a new artificial channel designed by a sanitary district to take the place of the old one.

2. Other questions in this case are controlled by the decisions in *East Side Levee and Sanitary District* v. *East St. Louis and Carondelet Railway,* (*ante,* p. 123,) and *East Side Levee and Sanitary District* v. *Mobile and Ohio Railroad Co.* (*ante,* p. 319.)

APPEAL from the County Court of St. Clair county; the Hon. JOSEPH B. MESSICK, Judge, presiding.

THOMAS E. GILLESPIE, (A. H. BAER, and SCHAEFER & KRUGER, of counsel,) for appellant.

WHITNEL & WHITNEL, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellant, a sanitary district organized under an act of the General Assembly of May 17, 1907, (Hurd's Stat. 1916, p. 1062,) filed its petition in the county court of St. Clair county to condemn certain property of the appellee railway company in that county for right of way for the construction of a main channel connecting Prairie du Pont creek, at the eastern boundary line of the district, with what is known as the Cahokia chute of the Mississippi river, and the construction of a levee along the north line of said channel. The strip of land proposed to be taken is about 100 feet in width. There is no controversy as to the value of the land actually taken, which is stipulated to be $750. Appellee filed a cross-petition, setting forth that the contemplated improvement is the construction of an artificial waterway across its right of way at a place where none had before existed and where there were no embankments except railroad embankments, and that such construction would require it to build a bridge across the channel and raise its embankment and tracks and re-ballast the same, and that the cost of making such changes and detouring its trains while such changes were being made would be $42,000 over and above the value of the land actually taken. A jury was waived and the cause submitted to the court for trial on a stipulation of facts, from which it appears that the contemplated improvement will divert the natural course of Prairie du Pont creek by the substitution of another channel, and the construction of an embankment along the side of said new channel for the purpose of furnishing a levee for the district's protection, and that the cost and expense of raising and lengthening the bridge, raising the grade of the track and re-ballasting the same and diverting traffic during such construction, exclusive of the value of land actually taken, will amount to $42,000, and that the actual value of the land taken for right of way and easement is $750. The trial court found in favor

of appellee as to all the items claimed and entered judgment in its favor for $42,750. Appellant was allowed and has perfected its appeal to this court.

Two grounds are urged for reversal of the judgment. The first urged is that appellant is a municipal corporation organized for the exclusive purpose of constructing levees, draws and ditches to carry off swamp, stagnant and overflow water and perform functions conducive to the public health and welfare of the community; that the powers and duties which it exercises and performs are assignable exclusively to the police power of the State; that in constructing the channel in question it is in the exercise of such police power, and therefore the expense incident to the elevation of appellee's tracks and providing sufficient openings for drainage through its right of way must be borne by the appellee without any compensation from the appellant for making the necessary alteration in the roadbed and right of way to permit the construction of the contemplated improvement. The same question was raised in *East Side Levee and Sanitary District* v. *East St. Louis and Carondelet Railway,* (ante, p. 123,) and *East Side Levee and Sanitary District* v. *Mobile and Ohio Railroad Co.* (ante, p. 319.) We there held against this contention. The authorities on this question are reviewed and the reasons which sustain the conclusion reached are fully set forth in the opinions in those cases. It would serve no good purpose to re-state them here. The decisions in those cases are controlling. For the reasons there given we are of the opinion this contention of appellant cannot be sustained.

The second ground urged is that the ditch at the place where it intersects the railroad is a natural, as distinguished from an artificial, water-course, or, at least, is on the line of a natural depression, and it is the duty of railroads in constructing bridges across natural water-courses to construct them of sufficient length and capacity to permit the drainage of all waters which naturally flow through such

water-courses by reason of any improved system of drainage which may be adopted by drainage districts. From the stipulation it appears that Drainage District No. 1 of St. Clair county was organized under the Farm Drainage act in 1907. In the year 1908 the appellant sanitary district was organized, containing approximately one hundred square miles of territory, with about 150,000 inhabitants. It includes within its boundaries a large part of the territory embraced in said drainage district No. 1. In 1908-09 drainage district No. 1 constructed a ditch beginning at the bluffs near the village of Griswold and extending in a southwesterly direction about nine and one-half miles to where is connects with Prairie du Pont creek. The point where the drainage ditch reaches the creek is approximately 14,600 feet east of the point where the railroad crosses the creek, and from this point the right of way of the ditch continues in a southwesterly direction by straight and regular lines to the Mississippi river. The ditch extends in the same general direction as the route of the creek but to the north thereof, except in four places where the ditch crosses the creek, at which points the bed of the ditch and the creek are identical. The distance between the center line of the creek and the center line of the ditch varies. At the point where the ditch intersects the railroad it is 186 feet north of the center line of the creek measured along the center line of the tracks and 125 feet north of the creek measured at right angles to the ditch. The improvement as planned includes the building of a levee north of the north bank of the old ditch of drainage district No. 1 at the point where the same crosses the right of way of appellee. The center line of the levee to be constructed is 212 feet north of the north line of the ditch of drainage district No. 1, and the earth is to be removed north of the north line of the ditch, between the ditch and the levee, thereby widening the ditch. The appellee has constructed a steel bridge 123 feet long over and across the present ditch, and a wooden trestle

217 feet long extending from the south end of the steel bridge south across Paririe du Pont creek. This bridge and trestle are of sufficient height and length to take care of all drainage under present conditions. The new bridge and other improvements demanded are made necessary by the construction of this new channel, which will change the course of the water which formerly flowed through the ditch of drainage district No. 1 and Prairie du Pont creek under the steel bridge and trestle.

While it is true that the proposed improvement is intended to and will carry the waters from the territory which naturally drain in this direction, it is equally true that the means through which they are to be carried will be an artificial channel and not the one through which the waters were wont to naturally flow. It further appears from the stipulation that appellee has already complied with its duty in the premises by providing and maintaining a bridge and trestle across the natural outlet for the waters, of sufficient capacity and length to carry all the waters which naturally flow in that direction. While the stipulation does not expressly so state, it seems apparent that the bridge and trestle are also of sufficient height and length to permit the flow thereunder of all waters that would so flow in any improved system of drainage. When this has been once done appellee has complied with its duty in the premises and cannot be compelled to build new bridges until it is shown the outlet provided is insufficient to accommodate the waters properly drained in that direction. It is under no obligation to construct more bridges than are necessary and proper for carrying the waters through the natural outlet or the artificial outlet designed to take its place, and when this has been done and the same is properly maintained its obligation in the premises ceases. In the instant case this has been done. The expense of the new bridge, track elevation, etc., is not occasioned by any failure to discharge its duty by the construction of bridges of such capacity to afford

ample outlet for the waters which naturally flow in that direction or through the drainage ditch and Prairie du Pont creek, but is occasioned solely by the construction of a new artificial channel which is intended to take the place of the one formerly constructed and of the creek through which such waters formerly flowed. All this expense is occasioned by the determination on the part of appellant to abandon the natural water-course and the one which has heretofore been used and construct a new one. If it desires to adopt such a course it is only just and equitable that it should bear the additional expense occasioned in so doing. The judgment of the county court requires no more than this.

We think the judgment is right in the respect indicated and should be affirmed.          *Judgment affirmed.*