(No. 11389.—Judgment affirmed.)

THE EAST SIDE LEVEE AND SANITARY DISTRICT, Appellant, *vs.* THE ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Appellee.

*Opinion filed October 23, 1917.*

This case is controlled by the decisions in *East Side Levee and Sanitary District* v. *East St. Louis and Carondelet Railway,* 279 Ill. 123, *Same* v. *Mobile and Ohio Railroad Co.* id. 319, and *Same* v. *East St. Louis, Columbia and Waterloo Railway Co.* id. 362.

APPEAL from the County Court of St. Clair county; the Hon. J. B. MESSICK, Judge, presiding.

THOMAS E. GILLESPIE, (SCHAEFER & KRUGER, and A. H. BAER, of counsel,) for appellant.

WHITNEL & WHITNEL, (EDW. J. WHITE, DANIEL UPTHEGROVE, and JOHN R. TURNEY, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant, the East Side Levee and Sanitary District, filed its petition in the county court of St. Clair county to condemn the right of way of appellee, the St. Louis, Iron Mountain and Southern Railway Company, for the construction of a ditch or channel 100 feet wide and about 30 feet deep as a waterway for appellant. The improvement also contemplated the construction of a levee along the northerly line of said channel of dimensions and character particularly described. It was stipulated that the improvement proposed by appellant required appellee to raise and lengthen its grade and also raise and lengthen its bridge crossing the ditch, the cost of which to appellee, including $624 for land actually taken, would be $75,903. The case was submitted to the court for decision on a stipulation. The county court allowed the appellee as compensation and damages the total amount named in the stipulation.

Appellant contended in the county court, and here contends, that in making the proposed improvement it was exercising the police power of the State; that appellee was obliged to elevate its tracks and provide sufficient openings for the drainage at its own expense, and that appellant was not liable to pay any damage or expense except the value of the land actually taken. This question was decided contrary to appellant's contention in *East Side Levee and Sanitary District* v. *East St. Louis and Carondelet Railway*, 279 Ill. 123, and *Same* v. *Mobile and Ohio Railroad Co.* id. 319.

A further contention of the appellant in this case is that the proposed ditch is the deepening and widening of Prairie du Pont creek, a natural water-course, and that appellee is bound to provide at its own expense for the natural flow of the water, accelerated by improved drainage methods; that in bridging a natural water-course it is bound to provide openings sufficient not only for the present volume of water but for its volume as increased by ar-

tificial means in the exercise of the lawful right of drainage. The proposed ditch contemplates deepening and widening a ditch constructed in 1909 by Drainage District No. 1, starting near the village of Griswold. Prairie du Pont creek has its origin fourteen and one-half miles south of where the ditch begins. The creek runs southwesterly to the Mississippi river, a distance of eighteen and one-half miles from its source. The ditch and creek come near together about two and one-third miles east of where the right of way of appellee crosses the creek. From the point where the ditch reaches the creek said ditch continues in a southwesterly direction about four and one-half miles to the Mississippi river. It is constructed north of the creek along the same general direction as the route of the creek, crossing the creek four times, twice east of appellee's right of way and twice west of it. At two places east of appellee's right of way the distance between the center line of the creek and the center line of the ditch is 175 feet. At the point where the ditch crosses the right of way of appellee the center line of the ditch is north of the center line of Prairie du Pont creek 68 feet measured on the center line of the railroad track and 50 feet measured at right angles to the ditch. Appellee has constructed a steel bridge 80 feet long across the ditch as it was made by district No. 1, and across the creek south of the ditch has constructed a wooden trestle 116 feet long. The claim of appellant that the ditch is in the line of and contemplated the deepening and widening of a natural water-course was passed upon in *East Side Levee and Sanitary District* v. *East St. Louis, Columbia and Waterloo Railway Co.* 279 Ill. 362, and was decided against its contention.

The judgment of the county court is affirmed.

*Judgment affirmed.*